FILED US District Court-UT
JAN 16 '25 AM09:55

# UNITED STATES DISTRICT COURT DISTRICT OF UTAH

| | |
|---|---|
| NAOMI TRIANA, Plaintiff (Pro Se), | **COMPLAINT FOR FLSA VIOLATIONS** |
| v. | **Case No.:** _____ |
| STEVEN BOAL and MATIA MOBILITY, Defendants. | **JURY TRIAL:** |
| | Case: 2:25-cv-00038<br>Assigned To : Romero, Cecilia M.<br>Assign. Date : 1/16/2025<br>Description: Triana v. Boal et al |

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

1.      **The Parties to This Complaint**

   A.    **The Plaintiff**

   Naomi Triana, Pro Se

   1456 N 3920 W,

1

Lehi, Utah County,

Utah, 84043

(435) 278-1806

mimimydarling11@gmail.com

## B.    The Defendants

Defendant No. 1

Steven Boal

2482 Morning Star Ct,

Park City, Summit County,

Utah, 84060

(650) 796-9333

sboal@boal.com

sboal@matiamobility.com

2

Defendant No. 2

Matia Mobility

1929 S 4130 W,

Salt Lake City, Salt Lake County,

Utah, 84104

(801) 977-1812

INTRODUCTION

2.    Plaintiff, Naomi Triana, brings this action against Defendants, Steven Boal and Matia Mobility, for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., including unpaid wages, unpaid overtime compensation, willful misclassification as an exempt employee, and failure to comply with federal recordkeeping requirements. Despite his position of possessing the means to ensure compliance, and being an experienced executive with access to legal and HR resources, Defendant Boal knowingly misclassified Plaintiff. Defendant Boal knowingly assigned Plaintiff non-exempt domestic tasks, and required extensive unpaid overtime.

3. Plaintiff seeks recovery of unpaid wages, liquidated damages, and attorneys' fees, as well as public accountability for Defendants' exploitative practices. Plaintiff seeks any other remedies the Court deems just and proper.

JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the FLSA, a federal law.

5. Venue is proper in the District of Utah under 28 U.S.C. § 1391 because the events giving rise to this claim occurred in Utah, where Defendants employed Plaintiff.

PARTIES

6. Plaintiff, Naomi Triana, currently resides in Lehi, Utah. During her employment with Defendants from May 2024 to August 2024, she lived in Vineyard, Utah and Lehi, Utah.

7. Defendant, Steven Boal, resides in Park City, Utah, and is the Chief Executive Officer (CEO) of Matia Mobility.

8. Defendant Matia Mobility is a mechanical wheelchair robotics company with its principal place of business in Salt Lake City, Utah.

FACTUAL ALLEGATIONS

4

9.      Prior to filing this federal complaint, Plaintiff sent a written demand letter to Defendants, outlining the FLSA violations, including unpaid overtime and misclassification, and seeking resolution. Defendants denied any violations of the FLSA in their response to the demand letter. A copy of the demand letter and Defendant's response will be provided during discovery.

Employer Status of Defendant Boal

10.     Defendant Boal qualifies as Plaintiff's employer under the FLSA definition of "employer," 29 U.S.C. § 203(d), because he directly hired Plaintiff, controlled her work duties, set her hours, and supervised her performance. As such, he was responsible for complying with the FLSA's wage and hour requirements.

Job Duties and Misclassification

11.     Plaintiff was hired by Defendant Boal to perform domestic work, including house sitting, dog sitting, feeding and watering chickens, performing minor plumbing repairs, and accepting packages at his personal residence in Park City, Utah. Plaintiff was hired to perform this domestic work primarily when Defendant Boal and his girlfriend, Jena Kingsely, traveled out of town.

12.     Defendant Boal required Plaintiff to sign an employee agreement through Defendant Matia Mobility, classifying her as an "Executive Assistant" with a set yearly salary of $50,000. Plaintiff's job title was misclassified to suggest executive-level authority that she did

5

not possess. Defendant Boal's employment agreement was deliberately designed to facilitate payroll and structured to evade FLSA requirements, even though Plaintiff's actual duties were entirely domestic.

(See Exhibit A: Executive Assistant Employee Agreement).

Violation of Live-In Domestic Worker Exemption Criteria

13.    Defendant Boal further attempted to falsely claim that Plaintiff was exempt under the "live-in domestic worker" exemption, pursuant to 29 C.F.R. § 552.102(a).  However, Plaintiff did not meet the criteria for this exemption because:

a. Plaintiff resided in her own apartment in Vineyard, Utah and Lehi, Utah during employment. Plaintiff was expected to return home to her own apartment at the end of her long day and night shifts. Defendant did not permit Plaintiff to continue living in Defendant's guest room at the end of Plaintiff's day and night shifts. Defendant's personal home was Plaintiff's place of work, not residence.

(See Exhibit B: Plaintiff's Lease documents).

b. Plaintiff was not completely relieved of duties during sleep hours, as Defendant Boal required her to keep the dogs in her guest room at night with the door closed. This requirement was included in a PDF list of working duties emailed by Defendant Boal. This job duty requirement resulted in frequent interruptions and inadequate rest periods.

6

(See Exhibit C: Defendant's PDF list of working duties for Plaintiff).

14.    Under 29 C.F.R. § 552.102(a), a live-in domestic worker must reside in the employer's home on a permanent or extended basis and have adequate rest periods during sleep hours. Plaintiff's circumstances did not satisfy these statutory criteria, and thus she was improperly classified.

Failure to Pay Overtime and Maintain Records

15.    Under the FLSA, Defendants were required to compensate Plaintiff for all hours worked, including overtime, at time-and-a-half her regular rate of pay for hours exceeding 40 per week (29 U.S.C. § 207(a)).

16.    From May 2024 to August 2024, Plaintiff regularly worked excessive hours, including over 1,132 hours of unpaid overtime. Despite being required to perform tasks well beyond a standard workweek, Defendants failed to compensate Plaintiff for hours worked beyond 40 per week and did not provide overtime pay at one and one-half times her regular rate, in violation of 29 U.S.C. § 207(a).

17.    Defendant Boal communicated these requirements primarily through text messages, detailing her obligations, including what exact dates and times she was required to house and dog sit for him. Additional evidence of these communications will be produced upon request and during discovery.

DETAILED DAMAGES CALCULATION

7

18.     Plaintiff's regular hourly rate of pay was $24.04, based on her semi-monthly pay stubs for 86.666667 hours worked per pay period. All evidence of pay stubs will be produced upon request and during discovery.

19.     Under the FLSA, Plaintiff was entitled to overtime pay at a rate of 1.5 times her regular hourly rate for hours worked in excess of 40 hours per week. This results in an overtime rate of $36.06 per hour.

20.     Plaintiff worked a total of 1,511.465 hours during the period from May 2024 to August 2024. Of these, 1,132.80 hours were overtime hours.

21.     Overtime compensation was calculated as follows:

Overtime Pay = Overtime Hours x (Regular Hourly Rate x 1.5)

Overtime Pay = 1,132.80 x (24.04 x 1.5) = 1,132.80 x 36.06 = $40,848.77

22.     Plaintiff was paid her regular hourly rate of $24.04 for 378.665 non-overtime hours but was not compensated for the 1,132.80 overtime hours. Plaintiff's claim for unpaid overtime wages amounts to $40,848.77, based on the calculation above.

23.     Defendants communicated Plaintiff's required hours and duties, including overtime, primarily through text messages, yet payroll records failed to accurately record all hours required and worked. Defendants failed to accurately record Plaintiff's hours worked or

8

pay overtime wages as required under the FLSA. Paystubs issued by Matia Mobility do not reflect Plaintiff's actual hours worked, particularly overtime hours.

Emotional Distress and Impact on Plaintiff

24.     As a direct result of Defendants' willful violations of the Fair Labor Standards Act (FLSA), including misclassification, failure to pay overtime, and imposing unreasonable work conditions, Plaintiff suffered significant emotional distress. Defendants' actions caused Plaintiff extreme anxiety and emotional strain, particularly due to the excessive hours worked, including overnight care for animals that disrupted her sleep and deprived her of adequate rest.

25.     Plaintiff feared termination for not adhering to Defendants' rigid and unreasonable work rules, leading to feelings of vulnerability and heightened anxiety. This constant stress was compounded by her concern that previous assistants may have faced similar conflicts and distress. Plaintiff was asked by Defendant Boal to lie to his previous personal assistant, Katelyn Porter, about Plaintiff being her replacement. Furthering Plaintiff's fear of not following Defendant's rules.

26.     Plaintiff experienced mental and physical symptoms of distress, including insomnia, nightmares, and hypervigilance, which negatively impacted her daily functioning. She sought medical treatment for anxiety and insomnia, receiving a diagnosis and prescribed medication from a licensed psychiatrist. Additionally, Plaintiff pursued therapy, including Eye Movement Desensitization and Reprocessing (EMDR), to address the psychological harm caused

9

by Defendants' actions. Medical records and proof of treatment will be provided during discovery.

27.    The emotional toll of Defendants' conduct has had lasting effects on Plaintiff's ability to secure stable employment, impairing her trust in future work environments and her ability to provide financially for herself. These ongoing challenges continue to require treatment, exacerbating the harm Plaintiff has suffered.

LEGAL CLAIMS

Count I – Misclassification as Exempt Employee (29 U.S.C. § 213)

28.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

29.    Defendants misclassified Plaintiff as exempt from the FLSA's overtime requirements under 29 U.S.C. § 213, despite her role not meeting the criteria for any recognized exemption.

30.    Plaintiff did not meet the executive exemption requirements under 29 C.F.R. § 541.100 because she did not manage employees, have hiring authority, or exercise independent discretion on significant matters.

31.    Plaintiff did not meet the live-in domestic worker exemption under 29 C.F.R. § 552.102(a) because she resided in her own home and was not completely relieved of duty during sleep hours while at her place of work.

10

32.    Defendants' misclassification of Plaintiff was willful, intentional, and in violation of the FLSA.

Count II – Failure to Pay Overtime Compensation (29 U.S.C. § 207(a))

33.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

34.    Plaintiff regularly worked more than 40 hours per week, but Defendants failed to compensate her at one and one-half times her regular hourly rate for overtime hours, in violation of 29 U.S.C. § 207(a)(1).

35.    Plaintiff is entitled to recover unpaid overtime wages in the amount of $40,848.77 and an equal amount in liquidated damages.

Count III – Failure to Maintain Accurate Records (29 U.S.C. § 211(c))

36.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

37.    Defendants failed to keep accurate records of Plaintiff's hours worked and wages paid, as required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2(a).

38.    Defendants' failure to maintain accurate records prevented Plaintiff from receiving the wages to which she was entitled under the FLSA.

RELIEF REQUESTED

11

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award the following relief:

1.  Unpaid wages and overtime compensation in the amount of $40,848.77, pursuant to 29 U.S.C. § 216(b).

2.  Liquidated damages in an amount equal to unpaid wages, totaling $40,848.77, pursuant to 29 U.S.C. § 216(b).

3.  Compensation for emotional distress directly caused by Defendants' violations of the FLSA, including anxiety, hypervigilance, insomnia, nightmares, and long-term psychological effects, in an amount to be determined by the Court.

4.  Attorney's fees and costs incurred, including $3,500 related to the preparation and issuance of an initial demand letter, pursuant to 29 U.S.C. § 216(b).  Initial demand letter and Defendant's response can be provided upon request and during discovery.

5.  Injunctive relief requiring Defendants to implement proper timekeeping and payroll practices to comply with the FLSA.

6.  Pre and/or post-judgment interest as permitted by law.

7.  Any other relief the Court deems just and proper to address Defendants' willful and exploitative violations of federal labor laws.

12

8.      Acceptance of all exhibits as part of the record, including Exhibit A, Exhibit B,

and Exhibit C, to demonstrate clear violations of the Fair Labor Standards Act (FLSA).

DATED this January 15, 2025.

Respectfully submitted,

Naomi Triana, Plaintiff Pro Se

Signature: _Naomi Triana_____

13