Ryan B. Frazier (#9077)
 *rfrazier@kmclaw.com*
**KIRTON McCONKIE**
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone: (801)328-3600

*Attorney for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **NAOMI TRIANA,**<br><br>Plaintiff,<br><br>v.<br><br>**STEVEN BOAL** and **MATIA MOBILITY,**<br><br>Defendants. | **ANSWER TO COMPLAINT FOR FLSA VIOLATIONS**<br><br><br>Case No. 2:25-cv-00038<br>Judge: Cecilia M. Romero |

Pursuant to the Federal Rules of Civil Procedure, Defendants Steven Boal and Matia Mobility ("Defendants"), by and through counsel, hereby respectfully answers the allegations in the Complaint for FLSA Violations (the "Complaint") filed by Plaintiff Naomi Triana ("Plaintiff" or "Triana") by admitting, denying, and averring as follows:

1.      Paragraph 1 of the Complaint purports to identify the parties to the lawsuit and to state their addresses and email addresses to which no response is required.

**<u>INTRODUCTION</u>**

2.      Answering the allegations set forth in paragraph 2 of the Complaint, Defendants are without sufficient information and knowledge to admit or deny the allegations regarding why

Plaintiff brings this action against Defendants and, on that basis, deny them. Defendants deny the remaining allegations set forth in paragraph 2 of the Complaint.

3. Answering the allegations set forth in paragraph 3 of the Complaint, Defendants are without sufficient information and knowledge to admit or deny the allegations regarding what Plaintiff seeks in this lawsuit and, on that basis, deny them. Defendants deny that they are liable to Plaintiff for unpaid wages, liquidated damages, or attorney fees and that Plaintiff is entitled to any other remedies, including public accountability for Defendants.

## JURISDICTION AND VENUE

4. Defendants affirmatively state that the allegations set forth in paragraph 4 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that this Court has jurisdiction has jurisdiction under claims based on the Fair Labor Standards Act (the "FLSA").

5. Defendants affirmatively state that the allegations set forth in paragraph 5 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that venue is proper.

## PARTIES

6. Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint and, on that basis, deny them.

7. Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8. Defendants admit the allegations set forth in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9.      Answering the allegations set forth in paragraph 9 of the Complaint, Defendants admit that Plaintiff sent a written demand letter to Defendants prior to filing this lawsuit and that Defendants responded to the demand letter by denying any FLSA violations. Further answering the allegations set forth in paragraph 9 of the Complaint, Defendants are without sufficient information and knowledge to admit or deny the allegations that a copy of the demand letter and Defendants' response will be provided during discovery.  Defendants deny all remaining allegations set forth in paragraph 9 of the Complaint, including any allegations that Defendants violated the FLSA, including by not paying overtime or by misclassification of any employee.

### *Employer Status of Defendant Boal*

10.      Defendants affirmatively state that the allegations set forth in paragraph 10 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations of paragraph 10 of the Complaint.

### *Job Duties and Misclassification*

11.       Answering the allegations set forth in paragraph 11 of the Complaint, Defendants hired Plaintiff to be employed in domestic service, which included providing services of a household nature while Defendant Boal and his girlfriend were travelling.  Defendants deny all remaining allegations set forth in paragraph 11 of the Complaint.

12.      Answering the allegations set forth in paragraph 12 of the Complaint, Defendants admit that Plaintiff signed a written employment agreement with Defendant Matia Mobility ("Matia") and that she was to be paid an annual salary of $50,000. Further answering the allegations of paragraph 12 of the Complaint, Defendants affirmative state that the employment

agreement between Matia and Plaintiff (the "Employment Agreement") speaks for itself and deny any characterization of the Employment Agreement that is inconsistent with the actual language and content of the Employment Agreement. Defendants deny all remaining allegations set forth in paragraph 12 of the Complaint.

13.     Answering the allegations set forth in paragraph 13 of the Complaint, Defendants admit that they believe and have taken the position that Plaintiff was exempt from the requirements of the FLSA, including overtime requirements, as an "employee who is employed in domestic service in a household and who resides in such household" as set forth in 29 U.S.C. § 213(b)(21), 29 C.F.R. § 552.100(a), and 29 C.F.R. § 102 (the "Live-in Domestic Service Worker Exception"). To the extent that the remaining allegations set forth in paragraph 13 of the Complaint call for a legal conclusion or conclusions to which no response is required.  To the extent that a response is required, Defendants deny that Defendants falsely claimed that the Live-in Domestic Service Worker Exception applies to Plaintiff's work for Defendants and further answer the allegations set forth in paragraph 13 of the Complaint as follows:

a.     Answering the allegations set forth in paragraph 13(a) of the Complaint, Defendants respond as follows:

(i)     Defendants are without sufficient information and knowledge to admit or deny the allegations that Plaintiff resided in an apartment in Vineyard, Utah and Lehi, Utah, and on that basis, deny them;

(ii)     Defendants admit that Plaintiff was to provide services in a private home;

(iii)     Defendants deny that Plaintiff was expected to return home to her own apartment at the end of all of her long day and night shifts and that she did return to her own apartment at the end of all of her long day and night shifts;

(iv)     Defendants affirmatively state that Plaintiff was frequently expected to remain and stay on the premises for extended periods of time while

4

providing services and that she did, in fact, remain and stay on the premises for extended periods of time while providing services; and

(v) Defendants are without sufficient information and knowledge to admit or deny whether Exhibit B is Plaintiff's Lease documents and, on that basis, deny that Exhibit B is Plaintiff's Lease documents.

b. Answering the allegations set forth in paragraph 13(b) of the Complaint, Defendants affirmatively state that whether Plaintiff was completely relieved of duties during sleep hours is irrelevant to the analysis of whether the Live-in Domestic Service Worker Exception applies and Defendants affirmatively state that Plaintiff was compensated for all time worked. Defendants deny all remaining allegations set forth in paragraph 13(b) of the Complaint.

Defendants deny all remaining allegations set forth in paragraph 13 of the Complaint.

14. Defendants affirmatively state that the allegations set forth in paragraph 14 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that for the Live-in Domestic Service Worker Exception to apply, the worker must reside or be present on the employer's premises either "permanently" or for "extended periods of time," *see Quintero v. Lopez*, 2016 WL 7508264, * 6 (S.D. Fla. June 6, 2016); 29 C.F.R. § 785.23, but Defendants deny that this requirement is expressly set forth in 29 C.F.R. § 552.102(a). Further answering the allegations set forth in paragraph 14 of the Complaint, Defendants deny that Plaintiff's circumstances did not satisfy the statutory and legal criteria or that Plaintiff was improperly classified. Defendants deny all remaining allegations set forth in paragraph 14 of the Complaint.

15. Defendants affirmatively state that the allegations set forth in paragraph 15 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17. Answering the allegations set forth in paragraph 17 of the Complaint, Defendants admit that Defendants would communicate with Plaintiff in many ways, including through text messages. Further answering the allegations set forth in paragraph 17 of the Complaint, Defendants are without sufficient information and knowledge to admit or deny the allegations that additional evidence of communications will be produced upon request and during discovery. Defendants deny all remaining allegations set forth in paragraph 17 of the Complaint.

## DETAILED DAMAGES CALCULATION

18. Answering the allegations set forth in paragraph 18 of the Complaint, Defendants are without sufficient information and knowledge to admit or deny the allegations that all evidence of pay stubs will be produced upon request and during discovery. Defendants deny all remaining allegations set forth in paragraph 18 of the Complaint.

19. Defendants affirmatively state that the allegations set forth in paragraph 19 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations of paragraph 19 of the Complaint.

20. Answering the allegations set forth in paragraph 20 of the Complaint, Defendants admit that Plaintiff worked hours, but Defendants are without sufficient information and knowledge to admit or deny the allegations as to the specific number of hours and, on that basis, deny them. Further answering the allegations set forth in paragraph 20 of the Complaint,

Defendants deny that any hours worked were overtime hours because Plaintiff was exempt from the overtime requirements of the FLSA under the Live-in Domestic Service Worker Exception. Defendants deny all remaining allegations set forth in paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Answering the allegations set forth in paragraph 23 of the Complaint, Defendants admit that Defendants would communicate with Plaintiff in many ways, including through text messages. Further answering the allegations of paragraph 23 of the Complaint, Defendants affirmatively state that Plaintiff's paystubs issued by Matia speak for themselves and deny any characterization of the paystubs that is inconsistent with the actual language and content of the paystubs. Defendants deny all remaining allegations set forth in paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint.

## LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF (Count I)
(Misclassification of Exempt Employee (29 U.S.C. § 213))

28. Defendants incorporate by reference their responses to paragraphs 1 through 27 of the Complaint as if fully set forth herein as the response to paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30. Defendants affirmatively state that the allegations set forth in paragraph 30 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response

is required, Defendants affirmatively state that Defendants do not claim that Plaintiff qualified for the executive exemption and admit the allegations of paragraph 30 of the Complaint that Plaintiff did not manage employees or have hiring authority.  Defendants deny all remaining allegations set forth in paragraph 30 of the Complaint.

31.     Defendants affirmatively state that the allegations set forth in paragraph 31 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32.     Defendants deny the allegations set forth in paragraph 32 of the Complaint.

**SECOND CLAIM FOR RELIEF (Count II)**
(Failure to Pay Overtime Compensation (29 U.S.C. § 207(a)))

33.     Defendants incorporate by reference their responses to paragraphs 1 through 32 of the Complaint as if fully set forth herein as the response to paragraph 33 of the Complaint.

34.     Answering the allegations of paragraph 34 of the Complaint, Defendants admit that at times Plaintiff may have worked more than 40 hours per week, but Defendants affirmatively state that Plaintiff was not owed overtime because she was exempt pursuant to the Live-in Domestic Service Worker Exception to the requirements of the FLSA.  Defendants deny all remaining allegations set forth in paragraph 34 of the Complaint.

35.     Defendants deny the allegations set forth in paragraph 32 of the Complaint.

**THIRD CLAIM FOR RELIEF (Count III)**
(Failure to Maintain Accurate Records (29 U.S.C. § 211(c)))

36.     Defendants incorporate by reference their responses to paragraphs 1 through 335 of the Complaint as if fully set forth herein as the response to paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in paragraph 37 of the Complaint.

8

38.     Defendants deny the allegations set forth in paragraph 38 of the Complaint.

## GENERAL DENIAL

39.     Any allegation in the Complaint not specifically admitted in this Answer is denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve the right to assert additional defenses if their existence is later determined or established through discovery.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis alleges, that the Plaintiff's Complaint and each purported claim for relief therein, is barred because Plaintiff was properly compensated as Defendants have paid Plaintiff all sums due and owing.

## THIRD AFFIRAMTIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, as to Defendant Steven Boal to the extent that he is not an "employer" as that term is defined under the FLSA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff qualified for an exemption to the requirements of the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims or damages are barred, in whole or in part, to the extent Plaintiff was exempt from the overtime requirements of the FLSA.

9

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims or damages are barred, in whole or in part, because and to the extent that Plaintiff was exempt from the overtime requirements of the FLSA under the Live-in Domestic Service Worker Exception.  The Live-in Domestic Service Worker Exception applied to Plaintiff while she worked for Matia because (1) she was a domestic service worker and provided services of a household nature, (2) in or about a private home, (3) was paid at least the minimum wage, and (4) resided or stayed on the employers' premises for extended periods of time.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiff under the FLSA because at all times Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiff under the FLSA because at all times Defendants acted in conformity with and in reliance on written regulations, orders, rulings, approvals, interpretations, and/or opinions of the Department of Labor, Wage and Hour Division, including Fact Sheet #79B (regarding the Live-in Domestic Service Worker Exception).

## NINTH AFFIRAMTIVE DEFENSE

Plaintiff's damages, if any, are the proximate result of the conduct or failures of third parties over which Defendants had no control.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff caused her own damages.

10

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims based on or implicating the FLSA are barred by the de minimis rule, i.e., that the time for which Plaintiff seeks recovery is de minimis work time and thus not compensable under the FLSA.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks recovery for time that is not compensable, *i.e.*, "hours worked" under the FLSA.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's failure to maintain accurate records claim fails as Defendants complied with all recordkeeping requirements of the FLSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages under the FLSA.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages under the FLSA because Defendants acted in good faith with reasonable grounds to believe they were not violating the law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages should be dismissed as Plaintiff is not entitled to punitive damages under her FLSA claims because punitive damages are not authorized under 29 U.S.C. § 216(b), the remedy statue applicable to Plaintiff's claims. *See Johnson v. Davis Security, Inc.*, 217 F.Supp.2d 1224, 1232 (D. Utah 2002).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive or liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive or liquidated damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages against the Defendants fail as the Defendants did not maliciously, willfully or wantonly cause any injury to Plaintiff.

## NINETEENTH AFFIRAMTIVE DEFENSE

Plaintiff has failed to state facts sufficient to support a claim for punitive or exemplary damages under Plaintiff's claims against the Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is seeking punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the United States Constitution. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States.

## TWENTY FIRST AFFIRAMTIVE DEFENSE

Plaintiff's claims fail to the extent they are barred by the doctrines of estoppel and/or equitable estoppel.

## TWENTY SECOND AFFIRAMTIVE DEFENSE

Plaintiff's claims fail to the extent they are barred by the doctrine of unclean hands.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendants fail to the extent they are barred by the doctrine of laches.

### TWENTY FOURTH AFFIRAMTIVE DEFENSE

Plaintiff's claims fail to the extent they are barred by doctrine of waiver.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages against the Defendants are barred to the extent that Plaintiff has failed to mitigate his damages, if any, and as a result, any recovery under any of Plaintiff's damage claims against the Defendants must be reduced, excused, and/or discharged.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damage claims against the Defendants are barred, in whole or in part, because they are speculative.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendants are barred, in whole or in part, because the Defendants acted at all times in good faith, with privilege, with proper purpose, motive, and means, and without malice.

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred, reduced or mitigated by Plaintiff's receipt of other income from collateral sources.

### TWENTY NINTH AFFIRMATIVE DEFENSE

Plaintiff's damage claims are subject to recoupment, setoff and/or offset.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's damage claims should be dismissed to the extent that emotional damage claims are sought as damages for failure to pay overtime are limited under the FLSA to payment of unpaid wages, liquidated damages, and attorney fees.  *See* 29 U.S.C. § 216(b) & 29 U.S.C. § 260.

13

### THIRTY FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for attorney's fees and costs are without basis.

### THIRTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for attorney's fees and costs should be denied to the extent that she is not the prevailing party under the FLSA.

### THIRTY THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for attorney's fees Plaintiff's claims for attorney's fees are invalid as she is proceeding *pro se* as there is no attorney-client relationship for which attorney fees are available.

### THIRTY FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is without merit and was neither commenced nor maintained in good faith, entitling the Defendants to recover their costs and attorneys' fees incurred herein pursuant to Utah Code Section 78B-5-825.

### RESERVATION

The Defendants reserve the right to add further affirmative defenses that may become evident to the Defendants during the course of discovery.

### REQUEST FOR RELIEF

WHEREFORE, Defendants Matia Mobility and Steven Boal pray for judgment in their favor as follows:

1.      For a judgment dismissing Plaintiff's Complaint in its entirety with prejudice and on the merits, and a ruling that Plaintiff should take nothing thereby;

2.      For an award of the Defendants' attorneys' fees and costs, as allowed by law or equity; and

14

3.      For such further and other relief as the Court deems just, equitable and proper.

DATED this 21st day of April, 2025.

                                           **KIRTON McCONKIE**

                                           /s/ Ryan B. Frazier
                                           Ryan B. Frazier
                                           *Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of April 2025, I caused a true and correct copy of the

foregoing **ANSWER TO COMPLAINT FOR FLSA VIOLATIONS** to be served upon the

following in the manner indicated below:

| | | |
|---|---|---|
| [X] | U.S. MAIL | Naomi Triana, Pro Se |
| [X] | E-MAIL | 1456 N. 3920 W. |
| [ ] | FAX TRANSMISSION | Lehi, UT 84043 |
| [ ] | FEDERAL EXPRESS | |
| [ ] | E-FILING | Mimimydarlingll@gmail.com |

By: */s/ Sherry Glendening*

Sherry Glendening
*Legal Assistant to Ryan B. Frazier*